IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50147
Summary Calendar
_____

JOE WHITE; MICHAEL PESACOV,

Plaintiffs-Appellants,

versus

J. LABRADO; K. JUSTICE;
DEAN QUINTON; D. CROCKETT,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CV-136-DB
--------------------
October 11, 2002

Before JOLLY, EMILIO M. GARZA and PARKER, Circuit Judges.

PER CURIAM:[*]

Joe White, formerly federal prisoner # 05405-067, and
Michael Pesacov, federal prisoner # 33039-037, ("Appellants")
appeal the summary-judgment dismissal of their civil rights
complaint pursuant to <u>Bivens v. Six Unknown Named Agents of Fed.
Bureau of Narcotics</u>, 403 U.S. 388 (1971). The complaint alleged
that officials of La Tuna FCI interfered with Appellants' rights
to conduct Jewish religious services, violated Appellants' rights
under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 2000bb, and the Religious Land Use and Incarcerated Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, and interfered with Appellants' access to court. Appellants argue that the district court erred in determining that a two-week deprivation of religious services did not amount to a constitutional or statutory violation; they also argue that the defendants offered perjurious affidavits. Appellants do not argue that the district court erred in rejecting their access-to-court claim, and therefore that issue is deemed abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

The district court did not err in determining that the alleged deprivation did not amount to a First Amendment violation and that Appellants did not meet their burden of showing that any deprivation substantially burdened their right of free exercise under the RFRA.** See Diaz v. Collins, 114 F.3d 69, 71-72 (5th Cir. 1997); Green v. McKaskle, 788 F.2d 1116, 1126 (5th Cir. 1986).

Appellants' perjury argument is without merit; there has been no showing that the summary-judgment evidence contained perjury and the district court accepted the Appellants' factual assertions as true for purposes of deciding the motion.

AFFIRMED.

---

** The RFRA is unconstitutional as applied to the states. City of Boerne v. Flores, 521 U.S. 507 (1997). It is unnecessary to determine whether the RFRA is constitutional as applied to the federal government because, even if it is, Appellants are not entitled to relief.